THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON WOLFE LEVY, | CASE NO. C24-1974-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

On December 3, 2024, the Honorable S. Kate Vaughan, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (*See* Dkt. No. 5.) Plaintiff's complaint (Dkt. No. 6) was entered that same day. Summons has not yet issued.

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Plaintiff brings claims for violations of the federal Occupational Safety and Health

("OSH") Act against the Occupational Safety and Health Administration, the Washington State Department of Labor and Industries, and his former employer TBH Sterling Inc., and is seeking monetary and injunctive relief. (Dkt. No. 6 at 2–3.) He points to violations of 29 U.S.C. § 660(c) and 29 C.F.R. § 1977.12(b)(2). (Dkt. No. 6-1 at 1.) Presumably, this explains why Plaintiff says that this Court has federal question jurisdiction. (*See* Dkt. No. 6 at 1.)

But the OSH Act does not supply a private cause of action that would support Plaintiff's claim here. *See Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994).[1] In fact, the statutory provision he cites directs employees who believe they have been aggrieved to file a complaint with OSHA, not a court. *See* 29 U.S.C. § 660(c)(2). Thus, by pleading violations of the OSH Act, Plaintiff has failed to state a claim.

However, when dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, it is perhaps conceivable that Plaintiff could adequately plead his claims. For this reason, the Court finds that leave to amend is warranted.

Based on the foregoing, Plaintiff is ORDERED to show cause why this Court has subject matter jurisdiction. Plaintiff may do so by filing an amended complaint within thirty (30) days of the issuance of this order establishing the basis of this Court's jurisdiction. If no amendment is made, the Court will dismiss the complaint (Dkt. No. 6) for lack of subject matter jurisdiction. If, in the amended complaint, Plaintiff fails to state a cognizable legal theory (in addition to the basis of this Court's jurisdiction), the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk is DIRECTED to mail a copy of this order to Plaintiff and to re-note Plaintiff's

---

[1] The Court notes that state law may supply a cause of action. *See Crane*, 41 F.3d at 553 (citing *Kelley v. Howard S. Wright Constr. Co.*, 582 P.2d 500, 508 (Wash. 1978)). That does not, however, necessarily supply subject matter jurisdiction.

motion to appoint counsel (Dkt. No. 7) and motion for service of summons and complaint (Dkt. No. 8) to February 21, 2025.

DATED this 22nd day of January 2025.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk
